## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WAVERLY N. WHITE**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-014-SLR |
| | : | |
| **THOMAS CARROLL**, Warden, and | : | |
| **M. JANE BRADY**, Attorney General of | : | |
| the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## <u>ANSWER</u>

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondents state the following in response to the petition for a writ of habeas corpus:

In April 2002, a Delaware Superior Court jury convicted the petitioner, Waverly N. White, of first degree robbery, third degree assault, and possession of drug paraphernalia. The court sentenced White in June 2002 to 24 years in prison for the robbery charge and to probation on the remaining charges. The conviction and sentence were affirmed on direct appeal. *White v. State*, 816 A.2d 776 (Del. 2003). In December 2003, White filed his first state post-conviction motion which the Superior Court denied. *White v. State*, ID No. 0110013949-R1, 2004 WL 98720 (Del. Super. Jan. 8, 2004). The decision was affirmed on appeal. *White v. State*, No. 40, 2004, 2004 WL 1790195 (Del. Aug. 2, 2004). White thereafter filed a second motion for state post-conviction relief in which he presented some 14 grounds for relief. The Superior Court denied the motion as procedurally barred under Criminal Rule 61. *White v. State*, ID No. 0110013949, 2004 WL 2827709 (Del. Super. Nov.

15, 2004).  A review of the record reveals that White did not file an appeal of the Superior Court's decision dismissing White's second state post-conviction motion, and White does not suggest otherwise.  *See* D.I. 1 at 4; Super. Ct. Dkt. in ID No. 00110013949.

<u>Facts</u>

As adduced at trial and reported by the state supreme court on direct appeal, the facts of White's case are as follows:

> White and co-defendant, Kathy Dottery, allegedly encountered three men outside a tavern.  One of the three men, Steve Swift, was wearing silver necklaces.  White allegedly pushed Swift to the ground, grabbed Swift's chains, and walked off.
>
> Swift's companion, Frank Petroccitto, allegedly chased after White and demanded the return of the necklaces.  Petroccitto testified to grabbing White in an attempt to neutralize him.  White then punched Petroccitto and threw Petroccitto to the ground.  Petroccitto again chased after White and caught him from behind.  White allegedly brandished a semi-automatic weapon, struggled with Petroccitto, and ran into the woods.
>
> The police arrived at the scene within minutes and soon apprehended White and Dottery.  The police drove Petroccitto to the area and he identified White and Dottery as the attackers.  The police searched White and found a crack pipe.  The necklaces and gun were never located.

*White v. State*, 816 A.2d 776, 778 (Del. 2003).

<u>Discussion</u>

White presents various claims in a lengthy handwritten attachment to the model § 2254 form. (D.I. 1--handwritten attachment at 8-11)  First, in what White labels as an "answer to question 9(d)," White presents in the attachment the following three claims: 1) the State did not disclose in a timely fashion evidence of the victim's (Petroccitto's) criminal record; 2) the prosecutor's closing argument improperly explained the absence of a victim

from the trial proceedings; 3) the trial court should have granted White's motion for judgment of acquittal because the victim was not justified in attacking White to retrieve stolen property. (D.I. 1--handwritten attachment at 8).  And in what White labels as an "answer to question 11(b)," White lists the following claims numbered one through 14:[1] 1) an unspecified denial of the Sixth Amendment right to confront his accuser; 2) insufficient evidence to support the conviction; 3) counsel's representation was constitutionally ineffective for failing to subpoena unspecified witnesses; 4) vindictive prosecution; 5): counsel was ineffective for not questioning a prosecution witness regarding his criminal history; 6) counsel was ineffective for not requesting a continuance to subpoena other criminal records of Petroccitto and prepare for cross-examination; 7) the indictment was somehow deficient due to "police officers employing outrageous law enforcement investigative techniques;" 8) counsel was ineffective on direct appeal; 9) the prosecution failed to timely disclose potentially exculpatory evidence when the victim's criminal record was produced one week prior to trial; 10) it was plain error for the prosecutor to explain the victim's absence from trial in closing argument; 11) the trial court should have granted a motion for judgment of acquittal because the victim was not justified in attempting to retrieve from White the stolen jewelry; 12) the trial court abused its discretion in denying state post-conviction relief; 13) state post-conviction relief claims were improperly denied as conclusory and without the "use of procedural requirements;" and 14) the Superior Court

---

[1]Question 11(b) on the model form, however, inquires about the "grounds raised" in any "second" state post-conviction petition. (D.I. 1 at 4).  By its terms, question 11(b) does not suggest that claims listed therein are presented in the petition for consideration in federal habeas review.  Arguably (and in the alternative), the claims are thus not presented for review here and cannot form a basis for federal habeas relief.

abused its discretion by denying post-conviction relief where White "showed both 'cause and prejudice' prongs of *Strickland* test."[2] (D.I. 1--handwritten attachment at 9-11). For the following reasons, White's claims do not provide a basis for federal habeas relief.[3]

*Unexhausted Claims*

In the second set of claims, White's claims numbered 1, 2, 3, 4, 7, 8, 12, 13, and 14 should be dismissed because White has defaulted state remedies. A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994); *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994). In order to satisfy the exhaustion doctrine, a petitioner "must demonstrate that the claim was presented to the state's highest court, either on direct appeal or in a post-conviction proceeding." *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 500 (D. Del. 2003) (citing *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000)); *see also Picard*, 404 U.S. at 275; *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993)

Here, White presented three claims on direct appeal: 1) the untimely disclosure of a witness's criminal record; 2) improper argument by the prosecutor regarding the victim's absence from trial; and 3) the trial judge erred in not granting a motion for judgment of acquittal because the injury forming an element of the robbery offense occurred to a third

---

[2]*Strickland v. Washington*, 466 U.S. 668 (1984)

[3]In order to avoid confusion and where context warrants, White's first three claims will be referred to herein as "the first set of claims," and those numbered one through 14 will be referred to as "the second set of claims."

person and not the victim who was wearing the jewelry. *White v. State*, 816 A.2d 776, 778 (Del. 2003). The three claims presented in the direct appeal correspond to the first set of claims, and thus state remedies are exhausted as to these claims.[4]  Further, in the first state post-conviction proceeding, White alleged that counsel was ineffective for failing to cross-examine Petroccitto about his criminal record and in failing to request a continuance to subpoena additional records regarding Petroccitto. *White v. State*, No. 40, 2004, 2004 WL 1790195 (Del. Aug. 2, 2004); *White v. State*, ID No. 0110013949-R1, 2004 WL 98720 (Del. Super. Jan. 8, 2004).  These claims appear to correspond to the claims numbered 5 and 6 in the second set of claims.  Accordingly, state remedies are also exhausted as to these two claims.  Of the remaining claims advanced in the petition, claims numbered 9 and 10 appear to restate two of the claims presented on direct appeal; because these two issues have been already presented to the state supreme court, state remedies are exhausted.[5]

However, claims numbered 1, 2, 3, 4, 7, 8, 12, 13, and 14 correlate only to the claims that White presented in the second state post-conviction application.[6]  The Superior Court denied these claims under Criminal Rule 61(i)(2) which requires a defendant to present all

---

[4]As explained *infra* at 10-16, the claims do not provide a basis for federal habeas relief.

[5]If a petitioner properly raises an issue on direct appeal, then he need not raise it again in an ensuing state post-conviction appeal. *McLaughlin*, 270 F. Supp. 2d at 500 (citing *Lambert v. Blackwell*, 134 F.3d 5606, 513 (3d Cir. 1997)).

[6]As explained *infra* at 9-10, White's claims numbered 12, 13, and 14 present merely an issue of state law and thus manifestly fail to state a federal claim for habeas relief.  It may be that these three claims repeat an argument presented in the state post-conviction appeal. *See White*, *supra*, 2004 WL 1790195 at * 2.  However, because the claims present at most an issue of state law, exhaustion is not required. *See Tillett v. Freeman*, 868 F.2d 106, 108 (3d Cir. 1989); *see also* 28 U.S.C. § 2254(b)(2).

available claims in the initial motion for state post conviction relief.[7]  This Court has

repeatedly held that Rule 61(i)(2) constitutes an independent and adequate state law ground

which precludes granting federal habeas relief absent a showing of cause and prejudice.  *E.g.*,

*Kirk v. Carroll*, 243 F. Supp. 2d 125, 137 (D. Del. 2003).  The record reveals, however, that

White did not appeal the Superior Court's denial of his second state post-conviction motion.

D.I. 1 at 4; Super. Ct. Dkt in ID No. 0110013949.  Accordingly, as explained above, White

has failed to exhaust state remedies as to claims numbered 1, 2, 3, 4, 7, 8, 12, 13 and 14 in

the second set of claims. (D.I. 1--attachment at 9-11).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition so

that the petitioner may exhaust state court remedies. *Rose v. Lundy*, 455 U.S. 509, 510

(1982); *see* 28 U.S.C. § 2254(b)(2).   If, however, there is no available state remedy, White

is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989);

*Castille*, 489 U.S. at 351-52; *McLaughlin*, 270 F. Supp. 2d at 500.  White is precluded at this

juncture from appealing the denial of his second state post-conviction motion because

Delaware Supreme Court Rule 6(a)(iii) and DEL. C. ANN. tit. 10, § 147 required that the

notice of appeal be filed within 30 days after entry of the order. *See Kendall v. Attorney*

*General of Delaware*, Civ. A. No. 01-231-JJF, 2002 WL 531221 at *4 (D. Del. Mar. 26,

2002) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).  Further, because White raised

the claims in his motion for state post-conviction relief, but did not present the claims on

appeal, the issues would be procedurally barred as formerly adjudicated under Criminal Rule

---

[7]*See White*, *supra*, 2004 WL 2827709 at *1-2 (listing the 14 numbered claims
presented in the Superior Court by White in the second state post-conviction proceeding).

61(i)(4). *See Kendall*, *supra*, 2002 WL 531221 at *4; *Carter v. Neal*, 910 F. Supp. 143, 150-51 (D. Del. 1995); *DeShields v. Snyder*, 830 F. Supp. 819, 822 (D. Del. 1993). Finally, any claims related to the original conviction and sentence would also be procedurally defaulted under Rule 61(i)(3) because White did not present the claims on direct appeal. *Kendall*, *supra*, 2002 WL 531221 at *4.

Thus, because there is no available state remedy, White is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). However, because White procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 500-01; *Kendall*, *supra*, 2002 WL 531221 at *4 (citing *Gattis v. Snyder*, 46 F. Supp. 2d 344, 367 (D. Del. 1999)); *Dawson*, 988 F. Supp. at 804-05. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *McLaughlin*, 270 F. Supp. 2d at 501; *Dawson*, 988 F. Supp. at 805.

Here, White has offered no explanation for the procedural default, i.e., failing to appeal the denial of his second state post-conviction application. *See*, *e.g.*, *Kendall*, *supra*, 2002 WL 531221 at \*5. Admittedly, in a discussion of ground 14, D.I. 1--handwritten attachment at 71, White refers to application of the cause and prejudice standard in the second state post-conviction proceeding. But there is no suggestion in the record that there existed an external impediment which prevented White from submitting his claims on appeal. Notably, White proceeded *pro se* in both of the state post conviction proceedings, including the first state post-conviction appeal. Thus, there is no suggestion in the record or in White's lengthy submission that he was somehow prevented from formulating issues and submitting filings to the state supreme court. In turn, White's allegation that he harbored a belief that some of his claims would fail before the state supreme court (D.I. 1--handwritten attachment at 18) does not establish cause, i.e., an external impediment which prevented him from raising the several claims. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982), *cited in Stevens v. Delaware Correctional Center*, 152 F. Supp. 2d 561, 570 n.14 (D. Del. 2001), *rev'd on other grounds*, 295 F.3d 361 (3d Cir. 2002); *see also Waldrop v. Jones*, 77 F.3d 1308, 1315 (11th Cir. 1996) (perceived futility for presenting a claim to the state court alone is not cause for a procedural default); *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) (same); *Bates v. Blackburn*, 805 F.2d 569, 575 (5th Cir. 1986).

Because White has not alleged and the record does not reveal cause for his procedural default, i.e., an external impediment which prevented an appeal from the denial of his second Rule 61 motion, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986);

*McLaughlin*, 270 F. Supp. 2d at 501;  *Kendall*, *supra*, 2002 WL 531221 at *5; *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05; *Carter*, 910 Supp. at 151.   Thus, consideration of White's claims numbered 1, 2, 3, 4, 7, 8, 12, 13 and 14 is precluded because he procedurally defaulted the claims in the state courts.

The "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496, *cited in Carter*, 910 F. Supp. at 151.   To establish a miscarriage of justice, White bears the burden to establish that it is more likely than not that no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (holding a miscarriage of justice "in a colloquial sense is the case where the State has convicted the wrong person of the crime").   Here, White has not alleged any facts that would tend to establish he is actually innocent of the crime for which he was convicted, or that the Court's failure to consider his claims will otherwise result in a fundamental miscarriage of justice. *See Lawrie*, 9 F. Supp. 2d at 455; *Dawson*, 988 F. Supp. at 807-08; *Carter*, 910 F. Supp. at 151.

*State Law Claims*

In claims 12 through 14 of the second set of claims, White alleges the following: that the trial court abused its discretion in denying state post-conviction relief; that state post-conviction relief claims were improperly denied as conclusory and without the use of procedural requirements; and that the Superior Court abused its discretion by denying post-conviction relief where White "showed both 'cause and prejudice' prongs of *Strickland* test."

(D.I. 1--handwritten attachment at 9-11).[8]  In these three claims, White complains that the state courts erred in the application of Superior Court Criminal Rule 61 during his post-conviction proceedings. *See* D.I. 1 at 59-72.  White's allegation of error in the state courts' adjudication of his motions for post-conviction relief presents only an issue of state law which fails to state a basis for a federal claim under 28 U.S.C. § 2254.  As this Court has repeatedly held, allegations of error in state post-conviction relief proceedings cannot serve as the basis for federal habeas relief. *Frazier v. Snyder*, Civ. Act. No. 97-114-LON, order at 12 (D. Del. Nov. 25, 1998) (collecting cases and rejecting petitioner's claim that he was denied due process because the state courts did not afford him a post-conviction evidentiary hearing under Rule 61); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 449-50 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997); *Brokenbrough v. Snyder*, 890 F. Supp. 342, 344 (D. Del. 1995); *see also Lambert v. Blackwell*, 387 F.3d 210, 238-39 (3d Cir. 2004) (discussing, in the context of federal habeas review, the relevance of the procedures a state court applies when adjudicating a petitioner's claims); *Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir.1987) (collecting cases).  Thus, White's three claims numbered 12 through 14 in the second set of claims must be rejected on the alternative basis that only an issue of state law is presented.

　　White also argues in the third claim of the first set of claims and repeated in the eleventh claim in the second set of claims that the trial court should have granted White's motion for judgment of acquittal because the victim was not justified in attacking White to

---

[8]As detailed previously, the claims state no federal issue cognizable under § 2254, and exhaustion is thus not required. *See Tillett*, 868 F.2d at 108.

retrieve stolen property. In the state courts, White advanced state decisional authority in support of this argument: *Yocum v. State*, 777 A.2d 782 (Del. 2001). The defendant in *Yocum* believed that house guests who had recently left his house had stolen $50.00. Yocum chased after them, brandished a handgun, and forced the victims to return to his house so that he could conduct a search. The trial court refused to instruct the jury on the defense of justification. In affirming that decision, the state supreme court held, as a matter of state law, that the use of force to protect property does not extend to efforts to retrieve the property after a theft. *White*, 816 A.2d at 780 (discussing *Yocum*, 777 A.2d at 784).

White's case was distinguishable, however, according to the court. As a matter of state law, the court held that the rule of *Yocum* does not apply in the context of a robbery. The robbery statute contemplates factual scenarios where the commission of a robbery might provoke physical injury to any person, not merely the victim of the robbery, who is not a participant in the crime. To conclude otherwise, explained the court, would shield a person who committed robbery from conviction in the event an eyewitness intervenes. Thus, the court distinguished *Yocum* and rejected White's claim as a matter statutory interpretation. 815 A.2d at 780-81.

Here, as in the state courts, White has challenged only the state courts' interpretation of the robbery statute, DEL. C. ANN. tit. 11, §§ 831-32. In neither the state court proceedings or in his submissions to this court has White advanced citation to either federal statutory or decisional authority. *See* Op. Brf. in No. 354, 2002 at 21-26; *see also Gomez v. Acevedo*, 106 F.3d 192, 197-201 & nn. 6-7 (7th Cir. 1997). In turn, the answering brief filed by prosecutors in White's direct appeal similarly does not refer to federal law or otherwise

address the issue as a matter of constitutional law. See Ans. Brf. in No. 354, 2002 at 24-31.

The interpretation of Delaware's substantive criminal law presents only a question of state

substantive law. *See Estelle v. McGuire*, 502 U.S. 63 (1991); *Helton v. Fauver*, 930 F.2d

1040, 1044 (3d Cir. 1991) (holding that federal habeas court is bound by state supreme

court's construction of a state penal statute) (citing *Missouri v. Hunter*, 459 U.S. 359, 368

(1983)).  A claim by White of a violation of state law, which does not implicate either federal

law or the Federal Constitution, falls outside the scope of rights protected by habeas review.

*See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68; *Wainwright v. Sykes*, 433 U.S. 72, 81

(1977).  Thus, because federal habeas relief does not lie for errors of state law, White's claim

should be rejected because it manifestly fails to state a claim for relief under 28 U.S.C. §

2254. *E.g.*, *Boyd v. Garraghty*, 202 F. Supp. 2d 322, 329 (D. Del. 2002) (language of

mandatory sentencing statute); *Davis v. Snyder*, Civ. Act. No. 99-547-GMS, 2002 WL

169261 at *5 (D. Del. Jan. 31, 2002) (lawfulness of correction officer's order to inmate);

*Mandelaka v. Snyder*, Civ. Act. No. 96-457-SLR, 1998 WL 299360 (D. Del. May 22, 1998)

(kidnaping statute).

*Tenth Claim is Procedurally Defaulted*

    In the second claim of the first set of claims and again in the tenth claim of the second

set of claims, White argues that the prosecutor's closing argument was plain error because

it improperly explained the absence of a victim from the trial proceedings.  White presented

the claim to the state supreme court, *White v. State*, 816 A.2d 776, 779-80 (Del. 2003), and

thus the claim would be exhausted.  Consideration of White's claim is precluded, however,

because White defaulted the claim in the state courts.

After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989).  White, however, did not comply with state procedural requirements.  White presented the claim on appeal, without having presented it first by way of a contemporaneous objection during trial in the Superior Court. Accordingly, the Delaware Supreme Court rejected the claim on procedural grounds, reviewing only for plain error under Delaware Supreme Court Rule 8. *White*, 816 A.2d at 779-80.  Under Rule 8, "Only questions fairly presented to the trial court may be presented for review" on appeal. DEL. SUPR. CT. R.8; *see Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  This Court has consistently held that Rule 8 is an independent and adequate state procedural rule which precludes federal habeas review. *See, e.g.*, *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 452-53 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 825 (D. Del. 1997).

Accordingly, the state procedural bar of Rule 8 is an independent and adequate state law ground under *Wainwright v. Sykes*, 433 U.S. 72 (1977) which would preclude federal habeas review of White's claim unless he established cause for his procedural default and resulting prejudice, or that a miscarriage of justice would result if the Court refused to hear his claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 493 (1986); *Caswell v. Ryan*, 953 F.2d 853, 860-61 (3d Cir. 1992); *Neely v. Zimmerman*, 858 F.2d 144, 147 (3d Cir. 1988); *Dawson*, 988 F. Supp. at 804-05.  To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance

with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05.

White, however, has not alleged, and the record does not reveal, cause for his procedural default. *See Coleman*, 501 U.S. at 752; *Murray*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 809-10. Because White has not alleged and the record does not reveal cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Lawrie*, 9 F. Supp. 2d at 454; *Dawson*, 988 F. Supp. at 804-05; *Carter v. Neal*, 910 Supp. 143, 151 (D. Del. 1995).[9] Accordingly, these two claims should be rejected.

*Relief not Warranted under Revised 28 U.S.C. § 2254(d)*

Federal habeas review in this case is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Revised § 2254 restricts the scope of

---

[9]The state supreme court also explained that no prejudice resulted from the prosecutor's rebuttal argument which responded to a defense argument that the jury had not heard from one of the victims. The prosecutor reiterated Petroccitto's testimony that Swift had moved to Chicago and explained to the jury that, given other eyewitness testimony from Petroccitto and Dottery, Swift's presence at trial was not a requirement for there to be a valid conviction. *White*, 816 A.2d at 779-80.

collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see, e.g., Price v. Vincent*, 538 U.S. 634 (2003); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 21-22 (2002); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). The issue here is thus whether a decision of the state supreme court on the merits of an issue was contrary to, or involved an objectively unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See Hameen v. Delaware*, 212 F.3d 226, 235 (3d Cir. 2000).

In the first claim of the first set of claims and repeated in the ninth claim of the second set of claims, White argues that the prosecution failed to timely disclose potentially exculpatory evidence when the victim's criminal record was produced one week prior to trial. White presented the claim, and thus state remedies are exhausted. The state supreme court reasonably concluded that White had failed to establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *White*, 816 A.2d at 778. The record reveals that the prosecution disclosed Petroccitto's criminal history to White one week prior to trial. Defense counsel thus had a week to consider how to utilize the information at trial. Notably, defense counsel

15

did not seek a continuance. *See* Ex. D to State's Motion to Affirm in No. 40, 2004 (Tr. Apr. 22, 2002 at 79-85).   Instead, at trial, defense counsel questioned Petroccitto first outside of the jury's presence.  After gauging Petroccitto's responses, defense counsel chose not to use the criminal history in cross-examination before the jury.  The disclosure certainly provided defense counsel with an ample opportunity to review the information and to make an informed decision about how to use the information at trial.  Against this backdrop, it can hardly be said that the state supreme court's rejection of White's *Brady* claim was unreasonable within the meaning of revised § 2254(d).

Next, in the fifth and sixth claims, White alleges that trial counsel's representation was constitutionally ineffective for not questioning a prosecution witness regarding his criminal history and for not requesting a continuance to subpoena other criminal records of Petroccitto to prepare for cross-examination. (D.I. 1--handwritten attachment claims 5 and 6).  In order to prevail on a claim of ineffective assistance of counsel, White was required to allege and establish facts meeting the test of *Strickland v. Washington*, 466 U.S. 668, 695 (1984): (1) that counsel's actions fell below an objective standard of reasonableness, and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed at trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Brown*, 991 F.2d 1162 (3d Cir. 1993).

The *Strickland* analysis for a claim of ineffective assistance of counsel constitutes clearly established law under revised § 2254(d). *E.g.*, *Woodford*, 537 U.S. at 22; *Williams*, 529 U.S. at 390; *Keller v. Larkins*, 251 F.3d 408, 418 (3d Cir. 2001); *Johnson v. Carroll*, 327 F. Supp. 2d 386, 395 (D. Del. 2004).  A habeas petitioner must allege facts which, if

accepted as true, would satisfy both prongs of the *Strickland* test: performance deficiency and prejudice to the defense. *See Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." In evaluating defense counsel's performance, a reviewing court should also "eliminate the distorting effects of hindsight," and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. In this case, the decision of the state supreme court affirming the denial of White's first post-conviction application was not an unreasonable application of the well-settled two-part *Strickland* framework.

White alleges in the fifth claim that trial counsel should have questioned Petroccitto about his criminal history. Here, as in the state courts, White has failed to overcome *Strickland's* strong presumption that defense counsel's representation was professionally reasonable. S*ee  Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987). In *Sistrunk*, the Third Circuit emphasized that counsel's performance is entitled to *Strickland's* strong presumption of reasonableness "unless the petitioner has come forward with evidence to the contrary sufficiently probative to overcome the 'strong presumption' required by *Strickland*." 96 F.3d at 671. Here, White does not advance any record support which would suggest that defense counsel did anything other than make a reasonable tactical decision not to press the matter before the jury. Because White has failed to come forward with any evidence "sufficiently probative to overcome the 'strong presumption' required by *Strickland,*" he has not carried his burden of proving that defense counsel's representation was not professionally reasonable. *Id.*

In turn, the state supreme court correctly determined that White had not demonstrated prejudice within the meaning of *Strickland*.  During the relevant time period, the record reveals that Petroccitto had pending charges of harassment, terroristic threatening and criminal trespass. *See* Ex. D to State's Motion to Affirm in No. 40, 2004.  None of the charges, however, indicated either bias toward White or demonstrated a lack of credibility. Moreover, Petroccitto's criminal history revealed that several charges of falsely reporting an incident had been withdrawn or subject to a *nolle prosequi*. In fact, Petroccitto testified during *voir dire* that he had not pled guilty to that offense and could establish that the reported incidents had actually occurred. *Id.* Ex. D at 79-85.  Thus, as discussed *supra* at 15, defense counsel opted not to use the criminal history in during cross-examination before the jury after evaluating Petroccitto's responses during *voir dire*.

As explained by the trial judge in rejecting White's first state post-conviction application, the incidents related to Petroccitto would simply not have been admissible, as a matter of state evidentiary law, before the jury to impeach Petroccitto:

> When questioning resumed before the jury, defense counsel did not cross-examine the defendant concerning his arrest, which is the basis of the present complaint. An arrest is irrelevant under DRE609(a)(2), and it would not have been admissible under DRE609(b). The witness had denied giving a false report. His charges were then pending. The proof of the allegations concerning the false report charge could have only been explored by way of cross-examination. Knowing that the witness was denying the pending charge it is not unreasonable for defense counsel to have chosen to stay away from this area, especially in view of the other provisions of DRE608(b) concerning the privilege of self-incrimination. In other words, I do not find it unreasonable for defense counsel to decide to avoid this issue in light of the responses he obtained from the witness on cross-examination, out of the presence of the jury, and the problems that he would have faced under DRE608.

18

But, this present application really fails on the prejudice issue, which is the second prong. Mr. White, in this present petition, offers nothing to show that had his trial attorney been more vigorous in cross-examining Mr. Petroccitto, there would have been anything elicited that would have changed the result in the trial. There has been no showing that Mr. Petroccitto had any criminal convictions which would have admissible under DRE609 , nor has there been any proffer as to what further cross-examination would have elicited, which is admissible, under DRE608(b).

*State v. White*, ID No. 0110013949-R1, 2004 WL 98720 at *2 (Del. Super. Jan. 8, 2004).

And on this basis the state supreme court affirmed the Superior Court's decision. *White v. State*, No. 40, 2004, 2004 WL 1790195 (Del. Aug. 2, 2004). Against this backdrop, it can hardly be said that defense counsel was ineffective for not pressing the matter before the jury. And perforce, the state courts' rejection of the claim was not unreasonable within the meaning of § 2254(d).

Regarding the sixth claim, White alleges that defense counsel was ineffective for not requesting a continuance to subpoena other criminal records of Petroccitto and to prepare for cross-examination. White does not allege what additional facts defense counsel could have developed with additional time or what additional records related to Petroccitto would have been available. See D.I. 1 at 35-39. White alleges some unspecified prejudice to his case but offers absolutely no substantiation as to what counsel should or could have discovered. As discussed above, defense counsel had available Petroccitto's criminal record and questioned Petroccitto on *voir dire* about his record. Given Petroccitto's *voir dire* testimony, defense counsel opted not to pursue the matter before the jury.

Here, as in the state courts, White has failed to adduce any factual specifications to support his claim that defense counsel's performance was deficient. White, therefore, has

failed to overcome *Strickland's* strong presumption that defense counsel's representation was professionally reasonable. Thus, the state courts' rejection of this claim as conclusory amounted to a reasonable application of the *Strickland* standard. *See Maxion v. Snyder*, Civ. Act. No. 96-486-GMS, mem. op. at *10 (D. Del. July 27, 2001) (state court's rejection of ineffectiveness claim as conclusory was a reasonable application of the *Strickland* standard). Accordingly, White's specification of ineffectiveness fails to provide a basis for relief under revised § 2254(d).

In sum, the state courts' rejection of White's complaints about defense counsel's performance was consistent with clearly established legal principles and was a reasonable application of those principles to the facts in this case. As a result, the decision of the state courts was not an unreasonable application of *Strickland*, and relief is thus foreclosed under the enhanced standard of revised § 2254(d). *See Hartey v. Vaughn*, 186 F.3d 367, 373 (3d Cir. 1999).

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that a transcript of White's trial proceedings from April 22, 23 and 24, 2002 has been prepared. Super. Ct. Dkt. in ID No. 00110013949-- Items 47, 50-51.  In the event that the court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.


_____
/s/Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID#  3278

Date: June 3, 2005

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on June 3, 2005 he caused to be electronically filed the attached document (Answer) with the Clerk of the Court using CM/ECF.  I hereby certify that on June 3, 2005 I have also caused to be mailed by first class U.S. Mail two copies of the document to the following non-registered participant, the petitioner:

> Waverly N. White (No. 00166563)
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977.

_____
/s/Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondent

Date: June 3, 2005