Not Reported in F.Supp.2d  
2002 WL 169261 (D.Del.)  
**(Cite as: 2002 WL 169261 (D.Del.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.  
Paul W. DAVIS, Petitioner,  
v.  
Robert SNYDER, Warden, and Attorney General of the State of Delaware,  
Respondents.  
**No. Civ.A.99-547-GMS.**

Jan. 31, 2002.

*MEMORANDUM AND ORDER*

SLEET, J.

**\*1** Following a jury trial in the Delaware Superior Court, Paul W. Davis was convicted of assaulting a corrections officer. The Superior Court sentenced Davis to twelve years imprisonment. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. Davis has filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the court will deny Davis' petition.

I. BACKGROUND

On July 24, 1997, Paul W. Davis was an inmate at the Sussex Correctional Institution in Georgetown, Delaware. Early that morning, inmate workers set up a food cart to serve breakfast to the inmates on Davis' cellblock. Corrections Officer Fleetwood announced that breakfast was served and instructed the inmates to line up within five minutes. When Davis and another inmate arrived a few minutes late, Fleetwood informed them that they could not have breakfast. The other inmate who arrived late produced a prescription demonstrating that he needed to eat before taking his medication, and Fleetwood allowed him to eat. Davis also argued that a medical condition required him to eat. Fleetwood, however, maintained that Davis would not be served and ordered him to leave the chow line. Despite Fleetwood's order, Davis commenced taking food from the cart. Fleetwood began spraying mace on Davis, who in turn stabbed Fleetwood with a fork. According to Davis, he had no intention of stabbing Fleetwood--he was only trying to protect his face from the mace. Fleetwood nonetheless suffered four puncture wounds and lacerations.

Based on these events, a grand jury in the Delaware Superior Court charged Davis with one count of assault in a detention facility. Following a two-day trial, the jury found Davis guilty as charged. The Superior Court (Graves, J.) ruled that Davis was a habitual offender and sentenced him to twelve years in prison. On direct appeal, Davis' counsel submitted a brief indicating that no arguably appealable issues existed. Davis supplemented counsel's brief with a document raising four issues for consideration. After considering each of Davis' issues, the Delaware Supreme Court affirmed. *Davis v. State,* No. 47, 1998, 1998 WL 666730 (Del. July 29, 1998)(*"Davis I"* ).

On December 9, 1998, Davis filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. In his Rule 61 motion, Davis raised three claims for relief. The Superior Court found two of Davis' claims procedurally barred for failure to raise them on direct appeal, and rejected his remaining claim of ineffective assistance of counsel on the merits. *State v. Davis,* No. CRIM. A. 97-07-0685 (Del.Super.Ct. Dec. 29, 1998)(*"Davis II"* ). Upon Davis' motion for reconsideration, the Superior Court again concluded that two of Davis' claims were procedurally barred. *State v. Davis,* No. CRIM. A. 97-07-0685, 1999 WL 167784 (Del.Super.Ct. Mar. 1, 1999)(*"Davis III"* ). The Delaware Supreme Court affirmed "for the reasons set forth in [the Superior Court's] well-reasoned decision." *Davis v. State,* No. 8, 1999, 1999 WL 643004 (Del. June 21, 1999)(*"Davis IV"* ).

**\*2** Davis has now filed with the court the current petition for a writ of habeas corpus. The respondents ask the court to deny Davis' petition on the ground that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                   Page 2
2002 WL 169261 (D.Del.)
**(Cite as: 2002 WL 169261 (D.Del.))**

the claims presented therein are either procedurally barred or lacking in merit.

II. LEGAL PRINCIPLES

A. Standards of Review

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"): [FN1]

> FN1. Effective April 24, 1996, the AEDPA amended the standards for reviewing state court judgments in habeas petitions filed under 28 U . S.C. § 2254. *Werts v. Vaughn,* 228 F.3d 178, 195 (3d Cir.2000), *cert. denied,* 121 S.Ct. 1621 (2001). Federal courts must apply the AEDPA's amended standards to any habeas petition filed on or after April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997); *Werts,* 228 F.3d at 195. Davis filed the current habeas petition at the earliest on July 9, 1999, the date he signed it. Accordingly, to the extent the court may review the merits of Davis' claims, the AEDPA's amended standards of review apply.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...
28 U.S.C. § 2254(d). According to the United States Supreme Court, a federal court may issue a writ of habeas corpus under this provision only if it finds that the state court decision on the merits of a claim either (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412 (2000). "A federal court may not grant a writ of habeas corpus merely because it concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Gattis v. Snyder,* __ F.3d __, No. 99-9006, 2002 WL 90834,\*4 (3d Cir. Jan. 24, 2002).

Specifically, a federal court may grant the writ under the "contrary to" clause only "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts." *Id.* at 412-13. The court "must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim." *Werts,* 228 F.3d at 197 (citing *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 888 (3d Cir.1999)). In order to satisfy the "contrary to" clause, the petitioner must demonstrate "that Supreme Court precedent *requires* the contrary outcome." *Matteo,* 171 F.3d at 888 (emphasis added).

If the petitioner fails to satisfy the "contrary to" clause, the court must determine whether the state court decision was based on an unreasonable application of Supreme Court precedent. *Id.* Under the "unreasonable application" clause, the court "may grant the writ if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. In other words, a federal court should not grant the petition under this clause "unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Matteo,* 171 F.3d at 890.

**\*3** Respecting a state court's determinations of fact, this court must presume that they are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* The presumption of correctness applies to both explicit and implicit

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000), *cert. denied,* 531 U.S. 1084 (2001). When the state court did not specifically articulate its factual findings but denied a claim on the merits, federal courts on habeas review generally may "properly assume that the state trier of fact ... found the facts against the petitioner." *Weeks v. Snyder,* 219 F.3d 245, 258 (3d Cir.), *cert. denied,* 531 U.S. 1003 (2000).

B. Exhaustion and Procedural Default

Pursuant to the federal habeas statute:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Although a state prisoner is not required to "invoke extraordinary remedies," he must fairly present each of his claims to the state courts. *Boerckel,* 526 U.S. at 845, 848. A claim raised in a federal habeas petition has been "fairly presented" if it is "the substantial equivalent of that presented to the state courts" and if the state court has "available to it the same method of legal analysis as that to be employed in federal court." *Werts,* 228 F.3d at 192 (quoting *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997)). Generally, federal courts will dismiss without prejudice claims that have not been fairly presented to the state courts, thereby allowing petitioners to exhaust their claims. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001).

If a claim has not been fairly presented to the state courts, but state procedural rules preclude a petitioner from seeking further relief in the state courts, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Id.* at 160. Although technically exhausted, such claims are procedurally defaulted. *Id.* In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are considered exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

**\*4** In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of counsel constitutes cause, but only if it is an independent constitutional violation. *See Coleman,* 501 U.S. at 755. In addition to cause, a petitioner must establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4
2002 WL 169261 (D.Del.)
**(Cite as: 2002 WL 169261 (D.Del.))**

miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To establish a miscarriage of justice, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

III. DISCUSSION

From Davis' memorandum of law in support of his habeas petition, the court distills the following claims for relief: [FN2]

> FN2. In order to facilitate a thorough yet clear and concise analysis, the court has renumbered Davis' claims.

(1) The Superior Court abused its discretion by ruling that Fleetwood's order was lawful.
(2) The state failed to prove that Fleetwood's order was lawful.
(3) Counsel rendered ineffective assistance by failing to investigate whether Fleetwood's order was lawful and by failing to pursue on appeal the issue of the lawfulness of Fleetwood's order.
(4) The Delaware Supreme Court failed to conduct a meaningful review of the Superior Court's denial of his Rule 61 motion for postconviction relief.
(D.I.2.) Davis asks the court to conduct an evidentiary hearing on his claims.

A. Claim 1

Davis' first claim is premised on his belief that Fleetwood's order was unlawful because he lacked the authority to deny breakfast to an inmate under the circumstances. Davis argues that he was justified in disobeying an unlawful order and using force to protect himself. His claim is that the Superior Court abused its discretion by ruling that Fleetwood's order was lawful.

The respondents assert that Davis presented this claim in his Rule 61 motion, and that the state courts found it procedurally defaulted under Superior Court Rule of Criminal Procedure 61(i)(3) [FN3] because Davis did not present it on direct appeal. The respondents thus urge the court to find this claim procedurally barred.

> FN3. Pursuant to Rule 61(i)(3):
> Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from violation of the movant's rights.

**\*5** The court does not agree that Davis' current claim is substantially the same claim he presented in his Rule 61 motion. The claim which Davis raised in his Rule 61 motion was that the Superior Court abused its discretion by instructing the jury that Officer Fleetwood had given a lawful order. (D.I. 7, Appellant's Appendix, Rule 61 Motion at A5.) The Superior Court treated it as a due process challenge to the jury instruction and ruled that it was procedurally barred. The claim presented in Davis' current habeas petition, however, does not challenge or even mention the trial court's instruction to the jury. Rather, his current claim is simply that the Superior Court abused its discretion by ruling that Officer Fleetwood's order was lawful. The court thus finds that Davis' jury instruction challenge, which the Superior Court ruled was procedurally barred, is not substantially the same as the claim presented in his current petition.

Additionally, the court finds that Davis' current claim is not cognizable on federal habeas review. Certainly, a constitutional due process challenge to an infirm jury instruction is cognizable on federal habeas review. *See Polsky v. Patton,* 890 F.2d 647, 650 (3d Cir.1989). A claim arising purely under state law, however, is not. *Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989). Here, Davis' current claim is that the Superior Court abused its discretion in ruling that Officer Fleetwood's order was lawful, not that an infirm jury instruction deprived him of due process. Whether the officer's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2002 WL 169261 (D.Del.)  
**(Cite as: 2002 WL 169261 (D.Del.))**

Page 5

order was lawful is purely a matter of state law, not federal law. The inescapable conclusion is that Davis' challenge to the Superior Court's ruling on a matter of state law is not cognizable on federal habeas review.

B. Claim 2

Davis' next claim is that the state did not satisfy its burden of proving each element of the offense for which he was convicted. He argues that the state's evidence was insufficient to prove that a corrections officer may lawfully deny an inmate food simply because he is late. Again, the respondents assert that Davis presented this claim in his Rule 61 motion, and that the state courts ruled that it is procedurally defaulted under Rule 61(i)(3).

A review of the record confirms that Davis raised this insufficiency of the evidence claim in his Rule 61 motion. (D.I. 7, Appellant's Appendix at A5-A7, Rule 61 Motion.) The respondents are also correct that the Superior Court ruled that this claim is procedurally barred by Rule 61(i)(3) because Davis did not present it on direct appeal. *Davis II* at 2-3; *Davis III,* 1999 WL 167784 at *2. The Delaware Supreme Court affirmed for the same reason. *Davis IV,* 1999 WL 643004 at **1. The state courts' decision not to review this claim rests on Rule 61(i)(3), which is an independent and adequate state procedural ground. *Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999), *aff'd,* ___ F.3d ___, No. 99-9006, 2002 WL 90834 (3d Cir. Jan. 24, 2002). For this reason, federal habeas review of this claim is procedurally barred unless Davis can establish either cause and prejudice, or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750.

*6 Davis attempts to establish cause for his procedural default by alleging counsel's ineffectiveness for failing to raise the issue on direct appeal. As explained below, the court finds that Davis' allegations of ineffective assistance lack merit. Moreover, Davis himself was permitted to supplement counsel's brief on direct appeal. Davis raised four issues on direct appeal, each of which the Delaware Supreme Court considered. Davis has failed to explain why *he* could not have raised the issue on direct appeal.

In short, Davis procedurally defaulted this claim by failing to raise it on direct appeal. He has failed to articulate any facts which would permit the court to excuse his procedural default. The court thus concludes that this claim is procedurally barred from federal habeas review.

C. Claim 3

Davis' next claim is that counsel rendered ineffective assistance by failing to investigate whether Fleetwood's order was lawful and by failing to pursue on appeal the issue of the lawfulness of Fleetwood's order. The respondents correctly represent that Davis raised this claim to both the Superior Court and the Delaware Supreme Court in his Rule 61 proceedings, and that the state courts denied it on the merits.

Because the state courts rejected Davis' claim of ineffective assistance on the merits, this court's role is to determine whether the state courts' decision either was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 412. The clearly established federal law for assessing a claim of ineffective assistance of counsel is the familiar two-prong test of *Strickland v. Washington,* 466 U.S. 668 (1984): A petitioner claiming ineffective assistance of counsel must show that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687.

In rejecting Davis' claim of ineffective assistance, the Superior Court first cited *Strickland* and articulated its two-part test verbatim. *Davis II* at 3. Because the Superior Court correctly recited the applicable standards, its decision is not contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 412. Thus, the remaining question is whether the Superior Court unreasonably applied the *Strickland* test to the facts of Davis' case. *See Williams,* 529 U.S. at 513.

In rejecting Davis' claim of ineffective assistance, the Superior Court wrote:
   In the defendant's argument, he alleges that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                   Page 6
2002 WL 169261 (D.Del.)
**(Cite as: 2002 WL 169261 (D.Del.))**

correctional officer's order, that he leave the chow line without eating, was not a lawful order. Further, he argues that his attorney should have conducted his own inquiry into the policies or regulations concerning what a correctional officer is permitted or not permitted to do under similar circumstances. While making this argument, the defendant has provided the Court with no rule, regulation, or policy which would dispute or contradict the evidence in the State's case that it was appropriate and lawful for the correctional officer to give the defendant the order to leave the chow line. Thus, the defendant has established no prejudice and, therefore, the defendant's ineffective assistance of counsel claim must fail on its merits.... He must show that had his attorney conducted a reasonable investigation, he would have discovered something which would have had a bearing on the defendant's trial outcome.

**\*7** *Davis II* at 3-4. The Delaware Supreme Court affirmed for the same reasons. *Davis IV* at \*\*1.

After reviewing the record, the court finds that the Superior Court's application of the law to the facts of this case is entirely reasonable. Davis' claim is bottomed on the notion that Fleetwood's order was unlawful. At trial, Fleetwood's supervisor testified that the order was both lawful and appropriate under the circumstances. Davis has failed to identify any evidence which counsel should have offered that would have refuted the state's evidence. Plainly, the Superior Court's conclusion that Davis failed to demonstrate prejudice is reasonable.

In sum, the court concludes that the Superior Court's decision, as affirmed by the Delaware Supreme Court, is not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Therefore, federal habeas relief as to this claim is unavailable.

D. Claim 4

Davis' final claim is that the Delaware Supreme Court failed to conduct a meaningful review of the Superior Court's order denying his Rule 61 motion for postconviction relief. As the respondents correctly point out, this claim is not cognizable on federal habeas review.

Federal courts are authorized to provide habeas relief only where a petitioner is in custody imposed in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998). The "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceedings does not enter into the habeas calculation." *Hassine,* 160 F.3d at 954 (emphasis in original). Davis' claim based on the Delaware Supreme Court's action in his Rule 61 proceedings, therefore, is not cognizable on federal habeas review.

IV. REQUEST FOR AN EVIDENTIARY HEARING

The AEDPA grants the court discretion to conduct an evidentiary hearing on habeas review, but only in limited circumstances. *See* 28 U.S.C. § 2254(e); *Campbell v. Vaughn,* 209 F.3d 280, 286-87 (3d Cir.2000), *cert. denied,* 531 U.S. 1084 (2001). The court *may,* for example, conduct an evidentiary hearing if the petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court." *Campbell,* 208 F.3d at 287 (quoting *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998)). In such a situation, the failure to develop the factual record is not the petitioner's fault. *Campbell,* 208 F.3d at 286-87.

In exercising its discretion, the court should focus "on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Id.* at 287. The court properly refuses to conduct an evidentiary hearing where a petitioner fails " 'to forecast any evidence beyond that already contained in the record' that would help his cause, 'or otherwise to explain how his claim would be advanced by an evidentiary hearing.' " *Id.* (quoting *Cardwell,* 152 F.3d at 338).

**\*8** Davis requests that the court conduct an evidentiary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 7
2002 WL 169261 (D.Del.)
**(Cite as: 2002 WL 169261 (D.Del.))**

hearing because his claims "rely on facts occurring both in the record and outside." (D.I. 2, Mem. at 14.) He fails, however, to identify any evidence outside the record that would help his cause, or to explain how any of his cognizable claims would be advanced by an evidentiary hearing. Moreover, after thoroughly reviewing the record in light of Davis' submissions, the court cannot discern any facts outside the record that would support Davis' cognizable claims. For this reason, Davis' request for an evidentiary hearing is denied.

### V. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the court has concluded that federal habeas relief is unavailable as to each of Davis' claims. The court is persuaded that reasonable jurists would not find its conclusions debatable or wrong. Davis has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### VI. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Davis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.
2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

2002 WL 169261 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.