Not Reported in F.Supp.2d
2002 WL 531221 (D.Del.)
**(Cite as: 2002 WL 531221 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Jerry KENDALL, Petitioner,
v.
ATTORNEY GENERAL OF THE STATE OF DELAWARE, and Rick Kearney, Warden, Respondents.
No. Civ.A.01-231-JJF.

March 26, 2002.

Jerry Kendall, Petitioner, pro se.

Thomas E. Brown, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

**\*1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jerry Kendall. (D.I.2.) Also pending in this matter are Petitioner's requests to amend the Petition, (D.I. 6 and 10), and his two motions for appointment of counsel, (D.I. 26 and 27). For the reasons set forth below, the Court will dismiss the Petition, grant his requests to amend the Petition, and deny as moot the motions for appointment of counsel.

I. BACKGROUND

In 1990, Petitioner moved to Delaware, established the Kendall Construction Company, and entered the business of building custom homes in Delaware. Between 1992 and 1994, numerous Delaware residents contracted with Petitioner to build custom homes. Several of the buyers complained that the construction of their homes was either defective or never completed. In 1995, Petitioner filed a petition in bankruptcy, thereby extinguishing the purchasers' claims against him.

Based on these complaints, Delaware authorities initiated an investigation into Petitioner's business practices. The investigation revealed that between 1982 and 1984, several buyers in Reistertown, Maryland, suffered losses due to Petitioner's defective or incomplete construction of their homes. The investigation also revealed that in 1989, Petitioner had constructed defective homes in Secretary, Maryland, and then filed for bankruptcy. Delaware authorities also learned that Petitioner had changed his name and social security number when he moved to Delaware in 1990.

Based on his activities in Delaware, Petitioner was charged with theft by false pretenses, criminal racketeering, perjury, and other crimes. In a pretrial motion, the prosecutor sought to admit evidence of Petitioner's prior misconduct in Maryland. Over the objection of defense counsel, the Superior Court admitted the evidence of Petitioner's prior misconduct in Maryland. Following a lengthy jury trial in the Delaware Superior Court, Petitioner was convicted on November 25, 1996, of criminal racketeering, perjury, felony theft, and improper retention of contractor's funds. The Superior Court sentenced Petitioner on February 11, 1997, to eight years in prison followed by a period of probation.

On direct appeal, counsel for Petitioner raised a single issue: Whether the "admission into evidence of the Defendant's alleged prior misconduct in Maryland was irrelevant and unduly prejudiced his right to a fair trial." (D.I. 24, Appellant's Opening Br. at 3.) The Delaware Supreme Court concluded that the evidence was admissible as "direct proof" of theft by false pretenses. *Kendall v. State,* 726 A.2d 1191, 1193 (Del.1999). The Delaware Supreme Court also determined that the evidence was properly admitted under Rule 404(b) of the Delaware Rules of Evidence to show intent, knowledge, and common scheme or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
2002 WL 531221 (D.Del.)
**(Cite as: 2002 WL 531221 (D.Del.))**

plan. *Id.* at 1194-95. The Delaware Supreme Court affirmed the judgment of sentence. *Id.* at 1196.

**\*2** On June 20, 2000, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court summarily dismissed all but three of Petitioner's claims on August 31, 2000. *State v. Kendall,* No. 9412010717 (Del.Super.Ct. Aug. 31, 2000). The Superior Court subsequently rejected on the merits Petitioner's claims of ineffective assistance of trial counsel and appellate counsel. *State v. Kendall,* 2001 WL 392650, \*3-\*4 (Del.Super.Ct. Apr. 10, 2001). The Superior Court also ruled that the remaining claim, *i.e.,* that the state lacked the evidence to prove theft, was procedurally barred because Petitioner failed to raise it on direct appeal. *Id.* at *3. Petitioner did not appeal to the Delaware Supreme Court from the denial of postconviction relief.

While his Rule 61 motion was pending before the Superior Court, Petitioner filed with this Court the current Petition for federal habeas relief. Respondents ask the Court to dismiss the Petition on the ground that the claims presented therein are procedurally barred from federal habeas review. Also pending in this matter are Petitioner's requests to amend his petition, and his motions for appointment of counsel.

II. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to the federal habeas statute:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v.. Brennan,* 281 F.3d 404, 410 (3d Cir.2002).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Although deemed exhausted, such claims are considered procedurally defaulted. *Lines,* 208 F.3d at 160. Additionally, where a claim was presented to a state court, but the state court refused to consider it for failure to comply with an independent and adequate state procedural rule, the claim is considered procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

**\*3** In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 3
2002 WL 531221 (D.Del.)
**(Cite as: 2002 WL 531221 (D.Del.))**

counsel constitutes cause, but only if it is an independent constitutional violation. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In addition to cause, a petitioner must establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards,* 529 U.S. at 451; *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To establish actual innocence, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

III. DISCUSSION

Petitioner articulates the following claims for relief: [FN1]

> FN1. The Court has renumbered Petitioner's claims for organizational purposes only.

(1) Trial counsel rendered ineffective assistance and obstructed justice by withholding information and evidence.
(2) Appellate counsel rendered ineffective assistance by raising only the evidentiary issue on direct appeal.
(3) The state failed to prove theft.
(4) The admission into evidence of Petitioner's alleged prior misconduct was irrelevant and unduly prejudiced his right to a fair trial.

(D.I. 2 at 5-6.) Respondents assert that each of Petitioner's claims is procedurally barred from federal habeas review.

A. Claims 1, 2, and 3

According to Respondents, Petitioner's claims 1, 2, and 3 are procedurally barred because he failed to present them to the Delaware Supreme Court. A review of the record confirms that Petitioner did not raise claims 1, 2, or 3 on direct appeal--the sole issue presented on direct appeal was the evidentiary issue. (D.I. 24, Appellant's Opening Br. at 3.) A review of the record also confirms that Petitioner did not appeal from the Superior Court's order denying his motion for postconviction relief. In short, the Court agrees with Respondents that Petitioner has never presented claim 1, 2, or 3 to the Delaware Supreme Court.

**\*4** The question remains; however, whether Petitioner can now exhaust these three claims by presenting them to the Delaware Supreme Court. If state rules preclude him from doing so, he has procedurally defaulted these claims, and federal habeas review is unavailable absent a showing of cause and prejudice, or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160.

First, Petitioner cannot present claim 1, 2, or 3 to the Delaware Supreme Court by appealing from the order denying his Rule 61 motion. In Delaware, a notice of appeal in any proceeding for postconviction relief must be filed within thirty days after entry of the order denying relief. *See* Del. R.S.Ct. 6(a)(iii). Failure to file a timely notice of appeal deprives the Delaware Supreme Court of jurisdiction to hear an appeal. *Carr v. State,* 554 A.2d 778, 779 (Del.1989). In the matter at hand, the Superior Court denied Petitioner's Rule 61 motion on April 10, 2001. If Petitioner were to file a notice of appeal now, nearly one year later, the Delaware Supreme Court would dismiss the appeal for lack of jurisdiction.

Additionally, Petitioner's claims 1 and 2 are procedurally barred by Rule 61(i)(4):
> Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 531221 (D.Del.)
**(Cite as: 2002 WL 531221 (D.Del.))**

Page 4

in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4). Reconsideration is warranted in the interest of justice where "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996) (quoting *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). In the matter at hand, the Superior Court rejected claims 1 and 2 on the merits in Petitioner's postconviction proceedings. The record is devoid of any subsequent legal developments suggesting that the Superior Court lacked authority to convict Petitioner. Accordingly, further state court review of claims 1 and 2 is foreclosed by Rule 61(i)(4).

Furthermore, claim 3 is procedurally barred from further state court review because Petitioner failed to present it on direct appeal. In Delaware, the failure to present a claim on direct appeal generally is treated as a procedural default under Rule 61(i)(3):

Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

Super. Ct. R.Crim. P. 61(i)(3). *See Bialach v. State,* 773 A.2d 383, 386 (Del.2001) (explaining that Rule 61(i)(3) generally bars consideration of an issue that was not presented on direct appeal absent a showing of cause and prejudice). [FN2] In this case, the Superior Court specifically ruled that Petitioner's claim 3 was procedurally barred by Rule 61(i)(3). *Kendall,* 2001 WL 392650 at *3. The Superior Court's refusal to consider this claim rests on an independent and adequate state procedural rule. *See Coleman,* 501 U.S. at 730; *Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999), *aff'd,* 278 F.3d 222 (3d Cir.2002). For this reason, federal habeas review of claim 3 is procedurally barred absent a showing of cause and prejudice, or a fundamental miscarriage of justice.

FN2. Rule 61(i)(3) does not apply to Petitioner's claims of ineffective assistance of counsel. In Delaware, claims of ineffective assistance of counsel are properly raised for the first time in a Rule 61 motion, not on direct appeal. *See MacDonald v. State,* 778 A.2d 1064, 1071 (Del.2001); *Flamer v. State,* 585 A.2d 736, 753 (Del.1990).

**\*5** The Court has carefully reviewed each of Petitioner's submissions in an effort to discern why he failed to appeal from the denial of postconviction relief. Petitioner has failed to allege any external impediment that prevented him from presenting claims 1 and 2 to the Delaware Supreme Court on appeal from the denial of his Rule 61 motion. Indeed, he has failed to provide the Court with any explanation for this procedural default. Under these circumstances, the Court cannot find cause to excuse Petitioner's procedural default in his Rule 61 proceedings.

The Court has also carefully reviewed Petitioner's submissions in an effort to discern why he failed to raise claim 3 on direct appeal. Petitioner alleges that this procedural default was due to appellate counsel's ineffective assistance. "[C]ounsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" may constitute cause to excuse a procedural default if that ineffectiveness rises to the level of an independent constitutional violation. *Edwards,* 529 U.S. at 451. A procedurally defaulted ineffective assistance claim, however, does not constitute cause. *See id.* at 452-53 (holding that the exhaustion requirement and procedural default rules apply to ineffective assistance claims asserted as cause for the procedural default of another claim). As explained above, Petitioner's claim of ineffective assistance of appellate counsel (claim 2) is procedurally defaulted. This procedurally defaulted claim cannot provide cause for Petitioner's failure to raise claim 3 (or any other claim) on direct appeal.

Because Petitioner has failed to establish cause for procedurally defaulting claims 1, 2, and 3, federal habeas review is barred unless Petitioner demonstrates a miscarriage of justice. To demonstrate a miscarriage

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2002 WL 531221 (D.Del.)  
**(Cite as: 2002 WL 531221 (D.Del.))**

Page 5

of justice, Petitioner must show that it is more likely than not that no reasonable juror would have convicted him. *Werts,* 228 F.3d at 193.

Here, Petitioner asserts repeatedly that he is innocent of theft because the victims still owe him money for the construction work he completed. Under the Delaware theft statute, "A person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it." Del.Code Ann. tit. 11, § 841. Whether any victim failed to compensate Petitioner in full is irrelevant to the crime of theft as defined by Delaware law. Petitioner has fallen short of demonstrating a reasonable probability that no juror would have convicted him of theft. Because Petitioner cannot show that a miscarriage of justice has occurred, the Court concludes that claims 1, 2, and 3 are procedurally barred from federal habeas review.

B. Claim 4

Petitioner's final claim is that the admission into evidence of his prior misconduct was irrelevant and unduly prejudiced his right to a fair trial. From Petitioner's submissions, it is not entirely clear whether this claim rests solely on Delaware's evidentiary rules, or whether it asserts a violation of Petitioner's constitutional right to due process. A very liberal reading of this claim suggests that Petitioner attempts to allege violations of both state and federal law.

*6 To the extent this claim rests on state law, it is not cognizable in this habeas proceeding. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001). Thus, to the extent Petitioner alleges a violation of Delaware's rules of evidence, the Court concludes that claim 4 is not cognizable in this proceeding.

To the extent Petitioner alleges that the admission of his prior misconduct violated his constitutional right to due process, the Court must determine whether this claim was fairly presented as a federal claim to the state courts. According to the United States Supreme Court, "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry,* 513 U.S. 364, 366 (1995). A federal due process claim based on a state court's evidentiary ruling has not been fairly presented unless the state court has been "alerted to the fact that the prisoner[ ][is] asserting claims under the United States Constitution." *Id.* at 365-66.

The Court has reviewed Petitioner's briefs submitted to the Delaware Supreme Court on direct appeal. (D.I.24.) The Court is unable to locate a single reference to the Constitution or any other federal law, or a single citation to a case interpreting any federal constitutional provision. Rather, Petitioner's argument on direct appeal relies solely on state statutes and evidentiary rules, as well as cases from the Delaware courts interpreting those state laws. The Court simply cannot conclude that Petitioner fairly presented a federal due process claim to the Delaware Supreme Court.

Because Petitioner did not present a federal due process claim to the Delaware Supreme Court, the Court must determine whether he is now procedurally barred from doing so. As described above, failure to present a claim on direct appeal generally is treated as a procedural default under Rule 61(i)(3). The Court can discern no impediment that prevented Petitioner from arguing on direct appeal that the trial court's evidentiary ruling deprived him of his constitutional right to due process. The only explanation Petitioner offers is appellate counsel's ineffective assistance. For the reasons stated above, a procedurally defaulted claim of ineffective assistance cannot constitute cause for excusing Petitioner's procedural default. Petitioner has also failed to demonstrate his actual innocence, as explained by the Court previously. Because the Court cannot excuse Petitioner's failure to present a constitutional due process claim on direct appeal, the Court therefore concludes that Petitioner's due process

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 6
2002 WL 531221 (D.Del.)
**(Cite as: 2002 WL 531221 (D.Del.))**

claim is procedurally barred.

C. Requests to Amend Petition

*7 Shortly after filing his Petition, Petitioner filed three documents designated as "amendments" to his Petition. (D.I. 5, 6, and 10.) Two of these documents were docketed as requests to amend the Petition. (D.I. 6 and 10.) These "amendments" appear to be copies of documents in support of his claims. The first, for example, consists of portions of the record of his Rule 61 proceedings in the Superior Court. (D.I.5.) The second consists of a motion for judgment of acquittal, and related documents, submitted to the trial court. (D.I.6.) The third is a copy of the Superior Court's order denying postconviction relief with Petitioner's handwritten notation on the back. (D.I.10.) In none of these documents does Petitioner propose any specific amendments to his Petition.

Although docketed as requests to amend the Petition, the Court finds that these documents are actually documents in support of his claims, not amendments to his Petition. The Court has read and considered each of these documents in rendering its decision, and will include these documents as part of the record in this case. Accordingly, the Court will grant Petitioner's requests to amend the Petition to the extent that they seek to supplement the record in this case.

D. Motions for Appointment of Counsel

Additionally, Petitioner has filed two motions requesting that the Court appoint counsel to represent him in this matter. (D.I. 26 and 27.) It is well established that Petitioner has no Sixth Amendment right to counsel in this habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). A district court, however, may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c) of the Rules Governing Section 2254 Cases.

For the reasons stated, the Court has determined that Petition's claims are procedurally barred from federal habeas review. Accordingly, his motions for appointment of counsel will be denied as moot.

E. Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

*8 Here, Petitioner's claims are procedurally barred from federal habeas review. The Court is persuaded that reasonable jurists would not debate otherwise. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jerry Kendall. The Court will grant Petitioner's requests to amend the Petition to the extent they seek to supplement the record in this case, and will deny his motions to appoint counsel. The Court will not issue a certificate of appealability.

An appropriate Order will be entered.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 7
2002 WL 531221 (D.Del.)
**(Cite as: 2002 WL 531221 (D.Del.))**

*ORDER*

At Wilmington, this 26th day of March 2002, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Jerry Kendall's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) is DISMISSED, and the relief requested therein is DENIED.
2. Petitioner's Requests to Amend Petition (D.I. 6 and 10) are treated as requests to supplement the record, and so treated, are GRANTED.
3. Petitioner's Motions for Appointment of Counsel (D.I. 26 and 27) are DENIED as moot.
4. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

2002 WL 531221 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:01CV00231 (Docket)
(Apr. 06, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.